**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| SHARRON FEDDER : | |
| 104 Foundryville Road : | |
| Berwick, PA 18603 : | **Civil Action No. _____** |
| : | **JURY TRIAL DEMANDED** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BLOOMSBURG UNIVERSITY OF : | |
| PENNSYLVANIA : | |
| 400 East 2nd Street : | |
| Bloomsburg, PA 17815 : | |
| : | |
| PENNSYLVANIA STATE SYSTEM OF : | |
| HIGHER EDUCATION : | |
| 400 North 3rd Street : | |
| Harrisburg, PA 17105 : | |
| : | |
| Defendants. : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Sharron Fedder ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Bloomsburg University of Pennsylvania and Pennsylvania State System of Higher Education, (Collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending Defendants violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* Specifically, Plaintiff contends that Defendants subjected her to gender discrimination and sexual harassment of a severe or pervasive nature resulting in a hostile and offensive work environment because of sex, and

terminated Plaintiff from her employment in retaliation as of her reports of the same, in violation of Title VII and the PHRA.

## PARTIES

1. Plaintiff Sharron Fedder is a citizen of the United States and Pennsylvania and currently maintains a residence at 104 Foundryville Road, Berwick, PA 18603.

2. Defendant Bloomsburg University of Pennsylvania is organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 400 East Second Street, Bloomsburg, PA 17815.

3. Defendant the Pennsylvania State System of Higher Education is organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address of and principal place of business located at 400 North 3rd Street, Harrisburg, PA 17105.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about December 5, 2022, Plaintiff filed an amended charge of discrimination with the PHRC which was dually filed with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2023-1635. Plaintiff's EEOC was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated August 16, 2023, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendants.

7. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

8. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendants maintain a business location within this judicial district, is currently doing business therein, and the events giving rise to these claims took place within this judicial district.

## FACTUAL ALLEGATIONS

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. Plaintiff began her employment with Defendants in 1996 in the position of Clerical Assistant and was most recently assigned to Defendants' mail room.

13. At all times material hereto, Plaintiff performed her job well, receiving regular raises, occasional praise, and no justifiable discipline..

14. In or about 2021, Plaintiff's supervisor, Brian Sweetra ("Mr. Sweetra"), Mailroom Supervisor, began making a series of sexist comments.

15. By way of example, at or around that time, Mr. Sweetra remarked "women should be sitting at a desk" and stated that he believed that women were not qualified to work in Defendants' mail room because "women cannot lift."

16. Plaintiff specifically told Mr. Sweetra that she found this commentary offensive, however, his conduct continued.

17. Later, while working on an assignment, Mr. Sweetra remarked to Plaintiff, "what's next? A pink Barbie car?"

18. Following Plaintiff's complaint to Mr. Sweetra, as well as her reports to Peter Kelly ("Mr. Kelly"), Chief of Staff, Mr. Kelly notified Plaintiff that Mr. Sweetra, though "an incompetent and lazy supervisor," had not violated Defendants' anti-discrimination and anti-harassment policies, despite his facially sexist comments, as stated above.

19. Clearly, Defendants' failure to hold Mr. Sweetra accountable empowered him to act more drastically, as Mr. Sweetra's comments eventually progressed to incidents of physical sexual harassment.

20. By way of example, in or about mid-2022, Mr. Sweetra repeatedly invaded Plaintiff's personal space and, on numerous occasions, closely followed Plaintiff on Defendants' campus.

21. Additionally, in or about mid-June 2022, Plaintiff bent in Defendants' workplace in order to access mail room documents.

22. When Plaintiff turned around and began to stand, Mr. Sweetra was glaring at her in a threatening manner and had placed both of his hands on his genitals.

23. At that time, Plaintiff registered a second complaint of sexual harassment with Tina Maurer ("Ms. Maurer"), Human Resources Representative.

24. Plaintiff also reported this incident to Jen Raup ("Ms. Raup"), Title IX Coordinator.

25. Unfortunately, Defendants failed to take any corrective action.

26. Krista Barella ("Ms. Barella"), Assistant Director, ignored Plaintiff's complaint and encouraged Plaintiff to "improve [your] communication with Mr. Sweetra."

27. Defendants' refusal to take any corrective action resulted in continuing harassment by Mr. Sweetra.

28. At or around this time, Defendant embarked on a campaign of retaliation on the basis of Plaintiff's complaints.

29. Specifically, and despite Plaintiff's prior complaints to Defendants, Mr. Sweetra continued to engage in sexist commentary and sexually intimidating behavior in the workplace.

30. In fact, he boasted to his coworkers-in Plaintiff's presence—that as a result of the investigation, he "got [his] hand slapped" but that "it didn't hurt."

31. In addition to repeating the sexist commentary, above, Mr. Sweetra repeatedly and continuously made derogatory statement about women, such as "women can't lift" heavy things in the mailroom, "girls can't do [mail] runs," or that women aren't fit to work in the mailroom.

32. He suggested that Plaintiff transfer to a Receiving position, again insinuating that she was not qualified to work in the mail room.

33. In an obvious attempt to intimidate Plaintiff, Mr. Sweetra asked her "How much can a PI find out about somebody?"

34. Despite Plaintiff's prior complaints to Defendants, he further continued to invade Plaintiff's personal space.

35. Defendants also retaliatorily issued Plaintiff a reprimand for her "communication," when Plaintiff tried to air her grievances regarding Mr. Sweetra.

36. Due to Defendants' failure to take any corrective action, Plaintiff's employment was constructively terminated on July 30, 2022, in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

37. As a result of Plaintiff's constructive discharge, Plaintiff has incurred wage losses and losses of retirement and medical benefits.

38. Defendants' conduct was sufficiently severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive, and which interfered with the ability for Plaintiff to do her job.

39. Plaintiff made good-faith complaints to Defendants to stop the foregoing sexually charged behavior. However, Defendants failed to take appropriate remedial action and in fact retaliated against Plaintiff by constructively terminating her employment.

40. Accordingly, based on the foregoing, Plaintiff believes and therefore avers that her termination was pretextual and that she was terminated because of her sex (female), the severe, ongoing, and pervasive harassment to which she was subjected to, and in retaliation for her good-faith reports of sexual harassment in connection thereto, in violation of Title VII and the PHRA.

41. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's protected rights.

42. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq*.**
**DISCRIMINATION/SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT/RETALIATION**

43. Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44. Defendants employed at least fifteen (15) employees at its various locations at all times relevant hereto.

45. Plaintiff is female and is therefore a member of a protected class under Title VII.

46. Defendants permitted and/or allowed to exist a hostile work environment because of sex as described above.

47. Defendant knew or should have known of the harassment Plaintiff experienced, but failed to act to prevent and/or remedy the harassment.

48. Plaintiff's internal complaints to Defendant regarding sexual harassment/sex discrimination constituted protected activity within the meaning of Title VII.

49. Plaintiff was retaliated against for engaging in protected activity under Title VII as described above.

50. The sexually and retaliatory hostile work environment to which Plaintiff was subjected adversely affected Plaintiff's psychological wellbeing and unreasonably interfered with Plaintiff's work performance.

51. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

52. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has and is suffering significant mental, emotional, psychological, physical, and economic damages, including, but not limited to, loss of income, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b) Compensatory, punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, willful, negligent, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *et seq.*
## DISCRIMINATION/SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT/RETALIATION

53. Paragraphs 1 through 52 are hereby incorporated by reference, as though the same were fully set forth at length herein.

54. The conduct described herein and above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff because of her sex.

55. Plaintiff is therefore afforded the opportunity to seek any and all remedies available under the PHRA, 43 P.S. § 951, *et seq.*

56. Because of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered damages in the form of, inter alia, loss of past and future wages and compensation, personal humiliation, emotional distress, embarrassment, loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay loss of health benefits, and raises in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

c) Plaintiff's cost, disbursements, and attorney's fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: <u>*/s/ Andrew J. Schreiber*</u>
Andrew J. Schreiber, Esquire
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

**Dated:** October 9, 2023

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation